HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS R HOPKINS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES E WARREN,<br><br>        Defendant. | CASE NO. C13-6000 RBL<br><br>ORDER DENYING IFP APPLICATION WITHOUT PREJUDICE |

THIS MATTER is before the Court on Plaintiff Hopkins' Motion to proceed *in forma pauperis* [Dkt. #1]. The Plaintiff's handwritten complaint is difficult to read, but it appears that he is allegeing that various defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights when they evicted him from his apartment while he was in the hospital for prostate cancer treatment. Defendants are apparently the apartment manager and the landlord. The Plaintiff alleges that his property was stolen and he apparently claims it was worth $4,985,785.46. The Court construes the plaintiffs claims as one under 42 U.S.C. §1983 for violations of his constitutional rights.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The Complaint in this case does not and perhaps cannot allege that the defendants are state actors. A plaintiff cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

Additionally, Plaintiff's claim for property damage or theft does not by itself trigger this court's subject matter jurisdiction.

Plaintiff shall amend his proposed complaint to address and set forth specific, cognizable claims against the defendants, and the basis for this Court's subject matter jurisdiction, within 30 days of the date of this Order. The application as it stands is DENIED, without prejudice.

The court will re-evaluate the application upon receipt and review of an amended complaint consistent with this Order.

IT IS SO ORDERED.
Dated this 12th day of December, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER DENYING IFP APPLICATION
WITHOUT PREJUDICE - 2