HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS R HOPKINS,

        Plaintiff,

v.

JAMES E WARREN, et al.,

        Defendant.

CASE NO. C13-6000 RBL

ORDER DENYING AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS

[Dkt. #3]

THIS MATTER is before the Court on Plaintiff Hopkins' Amended Application To Proceed In Forma Pauperis. [Dkt. #3] The Court denied the Plaintiff's initial application without prejudice because the Plaintiff's first proposed complaint did not, and likley could not, allege that the defendants—his landlord and the owner of his apartment, whom he claimed illegally evicted him and stole his property while he was in the hospital—were "state actors" for purposes of his proposed constitutional claims.

A plaintiff cannot assert a 42 U.S.C. §1983 claim [for violation his constitutional rights] against any defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by

the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Plaintiffs' lengthy and repetitive complaint consistently alleges that his landlord and the owner of his apartment building violated a variety of his constitutional rights.  He does not allege that these defendants are governmental employees or that they can remotely be construed as acting on behalf of any government or governmental agency.  Instead, they appear to be private individuals with whom Mr. Hopkins has a landlord tenant dispute.  The proposed constitutional claims against these defendants are not cognizable—they are not valid— as a matter of law.

The amended application to proceed in forma pauperis is therefore DENIED WITHOUT PREJUDICE.  Plaintiff shall pay the filing fee *or* file a second amended proposed complaint within 15 days of this order, or the matter will be dismissed.  If the filing fee is paid, and Plaintiff seeks to file the amended complaint attached to his amended application [Dkt. #3], that facially deficient complaint may be dismissed by the court on its own motion.

IT IS SO ORDERED.

Dated this 23rd day of December, 2013.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE